UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY RIPPETO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| Vs. | ) Case No. 4:11CV620 CDP |
| | ) |
| MOORE JAGUAR/ASTON MARTIN, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on plaintiffs' motion for summary judgment. Plaintiffs bring this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, seeking to collect delinquent fringe benefit contributions owed to plaintiff funds by defendant. Plaintiffs seek unpaid contributions for the period of December of 2010 through August of 2011. Plaintiffs also seek liquidated damages, attorneys' fees, and costs for a total amount of $66.514.66. Because plaintiffs are entitled to judgment as a matter of law, the motion for summary judgment will be granted.

### Background Facts

Defendant signed a collective bargaining agreement with the District No. 9

International Association of Machinists and Aerospace Workers, which is effective October 1, 2007 through September 30, 2012. The collective bargaining agreement requires defendant to make contributions to plaintiffs, the District No. 9, International Association of Machinists and Aerospace Workers Pension and Welfare Trusts, for each covered employee on the tenth working day of each month. The trust agreement governing the plaintiff trusts and the collective bargaining agreement also require defendant to pay liquidated damages in the amount of twenty percent of the principal due in delinquent contributions and authorize the plaintiff trusts to collect reasonable attorneys' fees, expenses, and court costs resulting from defendant's delinquencies.

Defendant owes $13,860.00 to the Welfare Trust for the period of June 2011 through August 2011. Defendant also owes $40,572.00 to the Pension Trust for the period of December 2010 through August 2011. Defendant also owes liquidated damages to the Welfare Trust in the amount of $2,772.00 and to the Pension Trust in the amount of $8,114.40. Plaintiffs seek attorneys' fees in the amount of $689.00 and $507.26 in costs. Plaintiffs therefore seek judgment in the total amount of $66,514.66.

## Discussion

The standards for summary judgment are well settled. In determining

whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 249.

> Section 502(g)(2) of ERISA provides:
>
> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -
>
> > (A) the unpaid contributions,
> >
> > (B) interest on the unpaid contributions,
> >
> > (C) an amount equal to the greater of -

>> (i) interest on the unpaid contributions,
>> or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed by Section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

In its opposition to summary judgment, defendant argues that plaintiffs are barred from recovery because they did not exhaust the grievance procedures set out in the collective bargaining agreement to resolve their dispute over unpaid fringe benefit contributions. This argument is meritless. As plaintiffs correctly note, defendant and the union, not the plaintiff Trusts, are parties to the collective bargaining agreement and bound by its grievance procedures. The trust agreements governing the Pension and Welfare Trusts permit the trustees to file suit in the event defendant fails to make fringe benefit contributions. In addition,

the collective bargaining agreement expressly states that unpaid fringe benefit contributions "shall be recovered as a debt owed by [defendant] to the . . . Trustees by a suit or action at law brought by said Trustees . . . ."  Plaintiffs were therefore not required to exhaust the grievance procedures found in the collective bargaining agreement before filing this action.  See Painters Dist. Council No. 2 v. Paragon Painting Co., LLC, 2010 WL 455227, *3 (E.D. Mo. Feb. 3, 2010).[1]

While not addressed in defendant's opposition brief, in his affidavit Ron Moore, President of defendant, claims that plaintiffs are not owed the full amount they seek in this motion because defendant laid off several employees.  Mr. Moore's affidavit contains no documentary evidence supporting this allegation, and he fails to identify the name of these employees, the number of employees, or the dates on which their employment was allegedly terminated.  This conclusory allegation without evidentiary support is insufficient to defeat summary judgment.  See Weger v. City of Ladue, 500 F.3d 710, 728 (8th Cir. 2007) (holding that "unsupported, conclusory allegations . . . are insufficient to defeat a motion for summary judgment.").

---

[1] The primary case cited by defendant also supports this proposition.  See Flynn v. Tiede-Zoeller, Inc., 412 F. Supp. 2d 46, 53 (D.D.C. 2006)("[I]t is fairly well settled that, in the absence of an unambiguous expression by the parties to the contrary, pension funds are not required to exhaust collective bargaining agreement arbitration procedures prior to filing an action for collection of delinquent contributions.").

Based on the admissible, undisputed evidence, I find that plaintiffs are entitled to summary judgment against defendant in the amount of $66,514.66, consisting of $40,572.00 in contributions to the Pension Trust for the period of December 2010 through August 2011, liquidated damages to the Welfare Trust in the amount of $2,772.00 and to the Pension Trust in the amount of $8,114.40.  I have also reviewed the undisputed evidence in support of plaintiffs' request for attorneys' fees.  I find that the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable.  Therefore, I am also awarding attorneys' fees in the amount of $689.00 and $507.26 in costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment [#7] is granted, and plaintiffs shall have summary judgment against defendant in the amount of $66,514.66.

**IT IS FURTHER ORDERED** that defendant's motion for oral argument [#15] is denied as moot.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

                                                            _____
                                                            CATHERINE D. PERRY
                                                            UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2011.